**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. C. CUNNINGHAM,<br><br>             Plaintiff,<br><br>      v.<br><br>BARRAGAS, *et al.*,<br><br>             Defendants. | Case No.  1:24-cv-00041-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff L. C. Cunningham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On April 26, 2024, the Court screened the complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief.  (ECF No. 9.)  The Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice.  (*Id.* at 9.)  Plaintiff failed to file an amended complaint or

1

1  otherwise communicate with the Court, and the deadline to do so has expired.

2  **II.      Failure to State a Claim**

3          **A.      Screening Requirement**

4   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

9   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

16  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

22         **B.      Plaintiff's Allegations**

23  Plaintiff is currently housed at Kern Valley State Prison where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) A. Lieca, correctional officer, and (2) Barragas, Via Path Company (Team).

26  In claim 1, Plaintiff alleges a violation of the Fourteenth Amendment for denial of access to court and denial of Equal Protection.  Plaintiff's tablet and charger cut off without ever coming back on.  Plaintiff submitted requests to Via Path Company Team to fix the tablet or give him a

2

1  new one. Via Patch said they could not do anything, and Plaintiff told his floor officer about the
2  tablet being cut off. Plaintiff asked for assistance in contacting Via Path to give Plaintiff a new
3  tablet and charger. A. Lieca did not help Plaintiff. "Plaintiff found out later that A. Lieca was a
4  part of why Plaintiff's tablet is not given to him."

5  Plaintiff submitted a grievance and was informed at second level that he would receive a
6  new tablet and charger on 10-5-23. On that day, the tablet and charger were given to another
7  inmate. Plaintiff was signed up to be put on another list for a tablet. On 12-11-23 to 12-15-23,
8  everyone received a new tablet except Plaintiff. Plaintiff is being unfairly singled out for
9  mistreatment. Plaintiff is also not given unlimited access to the law library as other inmates with
10 tablets. There is no reason Plaintiff should not have a tablet.

11 Inmates can perform legal research on the state-issued tablet using Lexis Nexis which is
12 same as in the law library. With access on the tablet, it gives inmates unlimited time to research
13 their cases. Plaintiff has been denied a tablet for seven months. Plaintiff was a priority library
14 user and was involved in litigations with the court while being denied a tablet. Plaintiff has lost
15 unlimited time to research his issues.

16 Plaintiff brought his lack of a tablet to A. Lieca's attention several times to call Via Path
17 and Plaintiff told A. Lieca how much he needed his tablet due to unlimited research priority time.
18 A. Lieca did not assist Plaintiff when asked to contact Via Path. Because of this, Plaintiff could
19 not fully litigate his claims. A. Lieca's actions limited Plaintiff's legal research into his case and
20 the office of appeals was unable to provide a reason or response for Plaintiff not being allowed a
21 tablet.

22 Plaintiff should not have lost his tablet as punishment because Plaintiff did not break any
23 rules.

24 Plaintiff also put money on his table that he never got a chance to use because Plaintiff is
25 denied his tablet.

26 Plaintiff has incurred emotional and mental injury because of the loss of his tablet.
27 Plaintiff is unable to talk to his family and friends on his tablet.

28 ///

3

1    In claim 2, Plaintiff alleges he is not given full access to the court like other inmates in Facility D due to denial of the tablet. He is not able to access the same Lexis Nexis program other inmates have access to. He is not given a tablet, or charger, or ear buds like other inmates. He is being discriminated against and defendant is holding his tablet as punishment.

As remedies, Plaintiff requests a new tablet, charger, and ear buds, and compensatory and punitive damages.

### C.   Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

#### 1.   Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but is not a plain statement of his claims. Many of Plaintiff's allegations are conclusory as to what happened, when it happened, or which defendant was involved, and are insufficient.

In addition, Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Plaintiff fails to link Defendant Barragas to any purported constitutional violation.

///
///
///

4

**2.     Fourteenth Amendment**

a.     Due Process Clause

Prisoners generally have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, California law provides for regulation of allowable personal property of prison inmates. Cal. Code Regs. tit. 15 § 3190. "[T]here is a difference between the right to own property and the right to possess property while in prison.' " *Velasquez v. Ahlin*, No. 1:18-cv-00053-LJO-SAB (PC), 2018 WL 1959541, at *8 (E.D. Cal. Apr. 25, 2018) (quoting *Searcy v. Simmons*, 299 F.3d 1200, 1229 (10th Cir. 2022)).

Plaintiff does not have a protected property interest in possessing a tablet and accessories while incarcerated.

> Plaintiff cannot allege a fundamental right in possession of a particular type of electronic device. Plaintiff does not have a fundamental right to possess a SD card for a music player. Deprivation of this type of inmate property is not a fundamental right. Regulations enacted to protect institutional security from potential breaches that electronic communications devices pose within the institutions are permissible regulations by the demanding substantive due process legal standards.

*Atencio v. Allison*, No. 1:21-cv-00191-BAM (PC), 2021 WL 2982917, at *4 (E.D. Cal. 2021); *see Rhoden*, 2020 WL 5737019, at *2, 11 (finding civil detainee had failed to state a due process claim because he had no protected liberty interest to own "electronic and storage devices (personal laptop computer, tablet, other electrical devices . . .)"); *Osaki v. San Bernardino Cnty. Sheriff Dep't,* 2023 WL 4291851, at *8 (C.D. Cal. May 26, 2023) (finding that inmate did not have a protected right to possess phones, tablets, and keys allegedly seized improperly while incarcerated). *See Cerniglia v. Price*, No. 17-cv-00753-AWI-JLT (PC), 2017 WL 4865452, at *3–4 (E.D. Cal. Oct. 27, 2017) ("No court has found that prisoners have a constitutional right to possess personal computers or items that are similar to personal computers which are capable of accessing the internet in their cells.")

Plaintiff cannot allege a fundamental right in possession of a particular type of electronic device. Without a liberty interest in the tablet or accessories, Plaintiff is unable to state a claim for the denial of due process under the Fourteenth Amendment.

///

1     Further, Due Process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has an adequate post-deprivation remedy available under California law. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895). To the extent, if any, that Plaintiff alleges that prison rules were improperly implemented against him, prison officials' violation of their own policies does not in itself raise a federally cognizable claim. *See Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (failure to follow procedures is not, of itself, enough to establish a violation of plaintiff's constitutional rights); *see, e.g.*, *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (a prisoner may not "transform a state-law issue into a federal one merely by asserting a violation of due process. We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable.)

                                                b.      <u>Equal Protection</u>

    The Equal Protection Clause requires the State to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). This does not mean, however, that all prisoners must receive identical treatment and resources. *See Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972); *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568–69 (9th Cir. 1987).

    "To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that ' "the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,' " (citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Or. Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

    To the extent Plaintiff is seeking to allege an equal protection claim, Plaintiff has not stated a cognizable equal protection claim. Plaintiff does not allege that he was discriminated

6

against because of his membership in any protected class. He also does not allege factual support that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Plaintiff has not provided any factual support for this claim. *Fletcher v. Clendenin*, No. 1:22-CV-00249 AWI BAM, 2022 WL 2791480, at *5 (E.D. Cal. July 15, 2022) (Equal Protection claim dismissed for failure to allege factual support for denial of treatment based on membership in a protected class).

Plaintiff alleges that not receiving a tablet is "punishment," but Plaintiff fails to state any factual support that he did not receive a tablet as "punishment." Plaintiff does not allege that A. Lieca had the authority to issue a new tablet to Plaintiff.

### 3.     **Access to Courts**

Inmates have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) ("We have recognized that prisoners' First and Fourteenth Amendment rights to access the courts without undue interference extend beyond the pleading stages"), overruled on other grounds as stated by *Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002).

A plaintiff must show that he suffered an "actual injury" by being shut out of court. *Lewis*, 518 U.S. at 350–51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. *Id*. at 351. To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. *Lewis*, 518 U.S. at 351. Additionally, to properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Christopher*, 536 U.S. at 417–18 (footnote omitted).

A plaintiff must identify the underlying lawsuit that forms the basis of the claim with sufficient detail so that the court can determine whether it was a non-frivolous, arguable claim. *Christopher*, 536 U.S. at 415 ("It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). A plaintiff must further identify the acts that frustrated his claim, and how his claim was frustrated, as well as identify the remedy sought.

Plaintiff's conclusory allegations of not having a tablet to research, to assert non-specific claims are insufficient to state a cognizable claim. Plaintiff does not allege that he suffered an actual injury by being shut out of court. Further, there is no constitutional right to research cases via electronic means and the inability to research via a tablet does not create an access to court Constitutional violation.

### 4. Injunctive Relief

Plaintiff seeks injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law

8

clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

#### B. Discussion

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d

1  639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose
2  responsibility it is to move a case toward disposition on the merits but whose conduct impedes
3  progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products*
4  *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

5  Finally, the Court's warning to a party that failure to obey the court's order will result in
6  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;
7  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's April 26, 2024 screening
8  order expressly warned Plaintiff that his failure to file an amended complaint would result in a
9  recommendation of dismissal of this action, with prejudice, for failure to obey a court order and
10 for failure to state a claim. (ECF No. 9, p. 9.) Thus, Plaintiff had adequate warning that dismissal
11 could result from his noncompliance.

12 Additionally, at this stage in the proceedings there is little available to the Court that
13 would constitute a satisfactory lesser sanction while protecting the Court from further
14 unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in
15 this action, it appears that monetary sanctions will be of little use and the preclusion of evidence
16 or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

17 **IV.    Conclusion and Recommendation**

18 Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a
19 district judge to this action.

20 Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY
21 RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim
22 pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to
23 prosecute this action.

24 These Findings and Recommendation will be submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen**
26 **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written
27 objections with the Court. The document should be captioned "Objections to Magistrate Judge's
28 Findings and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 11, 2024**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE